COURT OF APPEALS
DECISION
DATED AND FILED

September 28, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No. 2020AP1530-CR**

**STATE OF WISCONSIN**

Cir. Ct. No. 2017CF3793

**IN COURT OF APPEALS
DISTRICT I**

---

STATE OF WISCONSIN,

       PLAINTIFF-RESPONDENT,

  V.

KURT B. PARKS,

       DEFENDANT-APPELLANT.

---

APPEAL from a judgment and an order of the circuit court for Milwaukee County: JANET C. PROTASIEWICZ, Judge. *Affirmed*.

Before Brash, C.J., Donald, P.J., and White, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Kurt B. Parks appeals his judgment of conviction for possession of narcotic drugs (heroin), and felony bail jumping, as well as an

order of the trial court denying his postconviction motion. Parks argues that his trial counsel was ineffective in a number of ways, all of which were rejected by the trial court. Upon review, we affirm.

## BACKGROUND

¶2 In August 2017, officers from the Milwaukee Police Department conducted a traffic stop of a vehicle for seatbelt and registration violations. According to the complaint, when the officers made contact with the driver—later identified as Parks—they observed that he was holding a knife, and smelled the odor of marijuana coming from his vehicle. The officers conducted a search of Parks' vehicle.

¶3 Just prior to making contact with Parks, the officers had observed him "making movements toward the center console area" of the vehicle. During their search of the vehicle, the officers saw "a long piece of duct tape folded in half" that was under the cup holder in the center console. Upon inspection of the duct tape, the officers found seventy-nine bindles of what they suspected was heroin.

¶4 Parks was taken into custody and charged with possession with the intent to deliver the heroin in an amount of more than ten grams but less than fifty grams. He was also charged with felony bail jumping because at that time he was out of custody on bond for a separate offense.

¶5 The matter proceeded to a jury trial held at the end of February 2018. The jury convicted Parks on a lesser-included crime of possession of heroin, and the bail jumping charge. Parks was sentenced in March 2018 to a global sentence of four and one-half years of initial confinement and five years of extended supervision.

¶6      Parks filed a postconviction motion in May 2020, arguing that his trial counsel was ineffective in several ways.  First, Parks asserted that counsel failed to bring a motion to suppress the evidence from the traffic stop and search, based on "inconsistencies" between the testimony of one of the arresting officers regarding the traffic stop and body camera video from the incident.  Specifically, Parks contended that the video indicated that "the traffic stop was initiated before [the officer] had enough time to adequately conduct the registration check"; that it does not show Parks making movements toward the center console when the officers approached his vehicle; and that it shows Parks with an ice cream bar in his hand as opposed to a knife, although he concedes that a knife was found in the vehicle.  Parks also asserted that the testimony of the officer did not include any information relating to the smell of marijuana coming from Parks' vehicle, as stated in the complaint.

¶7      During the trial, portions of the body camera video were shown by Parks' trial counsel to demonstrate these alleged inconsistencies.  In fact, counsel recalled Officer Robert Gregory on the third day of the trial for the express purpose of showing the body camera video footage to the jury.  Additionally, counsel raised related arguments in a motion for judgment notwithstanding the verdict, alleging that Officer Gregory "gave false testimony" about the "critical facts" of the traffic stop, particularly relating to the knife.  The trial court soundly rejected Parks' arguments relating to this issue in denying that motion, noting the seriousness of the allegations made regarding the truthfulness of the officer's testimony:  "I know you're indicating that body camera demonstrated again that the officer was not being truthful.  Quite frankly, I don't think that the body cam indicated that any of the officers were not being truthful.  I reject that claim."

¶8    In its decision on Parks' postconviction motion, the trial court determined that a suppression motion based on the alleged inconsistencies in the body camera video argument would not have been successful. The court observed that there were two lawful bases for the traffic stop—the registration violation and the seatbelt violation. It further stated that the officer's testimony that he observed Parks making movements toward the center console and saw a knife in his hand warranted a protective search of the vehicle. Therefore, the court rejected Parks' ineffective assistance claim because his trial counsel could not be found to be deficient for failing to bring a motion that would not have been successful.

¶9    Additionally, Parks argued in his postconviction motion that his trial counsel was ineffective for failing to bring a suppression motion relating to statements Parks made during a phone call to his aunt while he was in custody, when an officer was present, on the ground that this was a *Miranda*[1] violation. During the trial, Parks' trial counsel objected to the admission of these statements through testimony of the officer who heard the conversation. Counsel asserted that after being given his *Miranda* rights, but prior to making the phone call, Parks had indicated that he did not want to make a statement. The officer then asked Parks if there was anything else he needed, and at that point Parks requested to make the phone call. The officer allowed Parks to use his cell phone, and was present while Parks made the call to his aunt—using the speaker phone function—and discussed the reason for his arrest and the evidence against him.

---

[1] *See* ***Miranda v. Arizona***, 384 U.S. 436 (1966). In his postconviction motion, Parks also referenced ***State ex rel. Goodchild v. Burke***, 27 Wis. 2d 244, 133 N.W.2d 753 (1965), regarding the determination of the voluntariness of a confession, as well as ***Rhode Island v. Innis***, 446 U.S. 291 (1980), as it relates to what constitutes a custodial interrogation under ***Miranda***.

¶10    Parks' trial counsel argued that the officer should have known Parks would discuss the case on the phone, and that making such a phone call was "reasonably likely to elicit an incriminating response." The trial court disagreed, noting that Parks' request to make the phone call could have been for a number of different reasons, such as a request for bail or making arrangements for an attorney, and that the officer was not a "mind reader." Thus, the trial court determined that this was not a *Miranda* violation and allowed testimony regarding Parks' statements during the phone call to be elicited from the officer.

¶11    In considering the ineffective assistance claim relating to this issue presented by Parks in his postconviction motion, the trial court rejected Parks' argument that a suppression motion on this issue should have been brought pretrial. The court reasoned that, again, such a motion would not have been successful, and therefore counsel was not deficient for failing to bring it.

¶12    Parks further asserted in his postconviction motion that his trial counsel was ineffective for failing to "timely object" to the State's closing argument when it "comment[ed] on [his] right to remain silent." This claim is also related to the statements made by Parks during his phone call with his aunt; specifically, Parks asserted that the State argued in its closing that Parks never indicated to his aunt that the drugs found in his vehicle were not his.

¶13    Trial counsel objected during the State's closing statement, and later argued the basis for the objection on the record, moving for a mistrial. The trial court denied that motion, stating that it believed that the State was commenting on a statement that was already in evidence, and further, that even if it was an error, it was harmless.

¶14    In its decision on Parks' postconviction claim on this issue, the trial court pointed out that Parks' trial counsel "not only objected to the State's closing argument, but moved for a mistrial on that basis." Additionally, counsel also raised this issue in the motion for judgment notwithstanding the verdict. Therefore, the trial court rejected Parks' claim of ineffective assistance on this issue as "plainly frivolous."

¶15    Parks also argued that the cumulative effect of his trial counsel's errors resulted in prejudice to his defense. The trial court rejected this claim based on its rejection of Parks' other claims. It therefore denied Parks' postconviction motion without a hearing. This appeal follows.

## DISCUSSION

¶16    As noted above, the claims raised by Parks in his postconviction motion are related to issues that were raised by trial counsel either during Parks' trial or in his motion for judgment notwithstanding the verdict—or both—and are now being presented under the ineffective assistance of counsel rubric. To evaluate Parks' claims of ineffective assistance, we apply the familiar two-prong test described in *Strickland v. Washington*, 466 U.S. 668 (1984). *See State v. Roberson*, 2006 WI 80, ¶28, 292 Wis. 2d 280, 717 N.W.2d 111. To prevail on such a claim, a defendant must prove both that trial counsel's performance was deficient and that the deficiency prejudiced the defense. *See Strickland*, 466 U.S. at 687. To prove deficiency, the defendant must show that trial counsel's actions or omissions were "professionally unreasonable[.]" *Id.* at 691. To prove prejudice, the defendant must show that trial counsel's errors "actually had an adverse effect on the defense." *Id.* at 693.

6

¶17    When we review a claim of ineffective assistance of counsel, we uphold the trial court's findings of fact unless they are clearly erroneous. *See State v. Nielsen*, 2001 WI App 192, ¶14, 247 Wis. 2d 466, 634 N.W.2d 325. However, whether the facts satisfy the deficiency and prejudice components are questions of law that we review *de novo*. *See id.* The defendant "must prevail on both parts of the test to be afforded relief," *see State v. Allen*, 2004 WI 106, ¶26, 274 Wis. 2d 568, 682 N.W.2d 433, and "[a] court need not address both components of this inquiry if the defendant does not make a sufficient showing on one," *see State v. Smith*, 2003 WI App 234, ¶15, 268 Wis. 2d 138, 671 N.W.2d 854.

¶18    A claim of ineffective assistance of counsel requires that a postconviction evidentiary hearing be held "to preserve the testimony of trial counsel." *State v. Machner*, 92 Wis. 2d 797, 804, 285 N.W.2d 905 (Ct. App. 1979). However, a defendant is not automatically entitled to an evidentiary hearing relating to his or her postconviction motion. *State v. Bentley*, 201 Wis. 2d 303, 309-10, 548 N.W.2d 50 (1996). Rather, the trial court is required to hold an evidentiary hearing only if the defendant has alleged "sufficient material facts that, if true, would entitle the defendant to relief." *Allen*, 274 Wis. 2d 568, ¶14. This is a question of law that we review *de novo*. *Id.*, ¶9.

¶19    If, on the other hand, the postconviction motion "does not raise facts sufficient to entitle the movant to relief, or presents only conclusory allegations, or if the record conclusively demonstrates that the defendant is not entitled to relief," the trial court, in its discretion, may either grant or deny a hearing. *Id.* We will uphold such a discretionary decision if the trial court "has examined the relevant facts, applied the proper legal standards, and engaged in a rational decision-making process." *Bentley*, 201 Wis. 2d at 318.

¶20    We first review Parks' argument that his trial counsel was ineffective for failing to file a motion to suppress the evidence from the traffic stop based on the alleged "inconsistencies" between the arresting officer's testimony and body camera video from the incident. Although there was no pretrial motion brought regarding this issue, it was raised by Parks' trial counsel during the trial and in his motion for judgment notwithstanding the verdict, as discussed above.[2]

¶21    When the trial court rejected Parks' arguments regarding this issue in his motion for judgment notwithstanding the verdict, it stated that the jury had assessed the credibility of the witnesses, including Officer Gregory, in rendering its verdict. Indeed, "[i]t is the function of the trier of fact, and not of an appellate court, to fairly resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *State v. Poellinger*, 153 Wis. 2d 493, 506, 451 N.W.2d 752 (1990).

¶22    Additionally, in its decision denying Parks' postconviction motion, the trial court restated its rejection of Parks' argument that the body camera footage demonstrates that Officer Gregory's testimony was untruthful. In our review, we accept the trial court's factual findings, as well as its credibility determinations, unless they are clearly erroneous. *See State v. Jenkins*, 2007 WI 96, ¶33, 303 Wis. 2d 157, 736 N.W.2d 24. A finding is clearly erroneous if it is "contrary to the great weight and clear preponderance of the evidence." *State v. Turner*, 136 Wis.

---

[2] Parks argues that his trial counsel failed to show body camera video from "the State's principal witness" during his testimony. It appears he is referring to Officer Gregory; however, Officer Gregory's body camera video was in fact shown during the trial by Parks' trial counsel, and counsel questioned Officer Gregory extensively regarding what was depicted in it. Furthermore, trial counsel also showed body camera video from Officer Gregory's partner, and questioned Officer Gregory about that as well.

8

2d 333, 343, 401 N.W.2d 827 (1987). Based on our review of the record, Parks has not established that the findings relating to the body camera video were clearly erroneous.[3]

¶23 Furthermore, the trial court stated in its decision denying Parks' postconviction motion that because there was evidence of lawful bases for both the initial stop as well the protective search of Parks' vehicle, a pretrial motion to suppress would not have been successful. The record supports this determination, and trial counsel cannot be deemed to be ineffective for failing to make a motion that would have been denied. *See* ***State v. Berggren***, 2009 WI App 82, ¶21, 320 Wis. 2d 209, 769 N.W.2d 110. Therefore, this claim fails.

¶24 Parks next argues that his trial counsel was ineffective for failing to submit a pretrial motion to suppress statements he made during the phone call to his aunt while he was in custody. As discussed above, this issue also arose during the trial, when Parks' counsel objected to the admission of the testimony of the officer who heard Parks' phone conversation on the ground that it was a ***Miranda*** violation, with the trial court rejecting that argument and allowing the testimony.

¶25 In considering this issue when presented as an ineffective assistance claim in Parks' postconviction motion, the trial court again found that even if this had been presented as a pretrial motion as opposed to an objection during trial, it

---

[3] The State contends that the body camera video was never entered into evidence, and therefore is not part of the record. We, too, were unable to locate the video recording in the record. "In the absence of a complete record, we presume the missing record supports the [trial] court's decision." ***Joseph Hirschberg Revocable Living Tr. v. City of Milwaukee***, 2014 WI App 91, ¶12 n.5, 356 Wis. 2d 730, 855 N.W.2d 699. Furthermore, Parks did not file a reply brief, and thus did not refute that contention. *See* ***State v. Alexander***, 2005 WI App 231, ¶15, 287 Wis. 2d 645, 706 N.W.2d 191 ("Arguments not refuted are deemed admitted."). Therefore, our review of this issue is based on the description of the video provided by Officer Gregory during his testimony, as set forth in the transcripts.

would not have been successful. In fact, this court has previously determined that the statements of a defendant who called his wife while in custody "without asking for privacy" and who "spoke at normal volume within the hearing range of the officer standing nearby" were admissible. *See State v. Uhlenberg*, 2013 WI App 59, ¶¶5, 18, 348 Wis. 2d 44, 831 N.W.2d 799. Therefore, this ineffective assistance claim also fails because, again, counsel cannot be deemed to be deficient for failing to make a motion that would have been denied. *See Berggren*, 320 Wis. 2d 209, ¶21.

¶26     We next review Parks' claim that his trial counsel was ineffective for failing to timely object during the State's closing argument because it improperly commented on his right to remain silent. As the trial court pointed out in its decision on Parks' postconviction motion, not only did Parks' trial counsel object to this statement during the State's closing argument, he subsequently made a record of the objection and moved for a mistrial. Therefore, the trial court rejected this claim as "plainly frivolous."

¶27     On appeal, Parks continues to argue that his trial counsel failed to timely object to the State's closing argument. That contention is clearly not supported by the record. Moreover, Parks does not develop this argument, except to assert that it is demonstrative of cumulative prejudice.

¶28     We do not develop arguments for parties. *See State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992). Furthermore, Parks' claim of cumulative prejudice fails due to our determination that his ineffective assistance claims fail on the merits. *See State v. Thiel*, 2003 WI 111, ¶61, 264 Wis. 2d 571, 665 N.W.2d 305 (stating that "each alleged error must be deficient in law … in order to be included in the calculus for prejudice").

¶29　Therefore, as the record conclusively demonstrates that Parks is not entitled to relief on any of his claims of ineffective assistance of counsel, the trial court did not err in denying Parks' postconviction motion without a hearing. *See Allen*, 274 Wis. 2d 568, ¶9. Accordingly, we affirm Parks' judgment of conviction as well as the order denying his postconviction motion.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.